[No. 1707.]

HALEY ET AL. v. BREEZE.

1. INJUNCTION—SUIT ON BOND—PARTIES.
Where an injunction to restrain a county treasurer from the collection of taxes was dissolved, in an action by the treasurer upon the injunction bond an answer that alleged that the county and not the treasurer was the proper party in interest and attempted to set up an affirmative defense against the county was bad.

2. SAME.
Where an injunction to restrain a county treasurer from collecting taxes was dissolved, in an action by the treasurer upon the injunction bond the fact that evidence showed that the expenses incurred in resisting the injunction were paid by the county did not affect the character or amount of defendants' liability. They obligated themselves in the bond to pay to the treasurer all costs and damages, and the fact that the county and not the treasurer paid the expenses was a question that did not concern them.

*Appeal from the District Court of Arapahoe County.*

Mr. W. T. HUGHES, for appellant.

Mr. W. B. McCLELLAND and Mr. HENRY T. SALE, for appellee.

THOMSON, J.

This is a suit by the appellee upon an undertaking for an injunction executed by the appellants in an action brought

by Ora Haley to restrain the appellee from the performance of certain acts, and by which the appellants undertook and promised to pay to the appellee all costs any damages which might be awarded against Haley, in case of the dissolution of the injunction in whole or in part. The injunction was dissolved. The complaint set forth the damages sustained, and demanded judgment for the amount. The answer denied that any damage was sustained; and averred that this action was not prosecuted for or in behalf of the plaintiff, but for and in behalf of Routt county; that the injunction suit was brought to restrain the collection of an illegal and invalid tax, pretended to be assessed against Haley by Routt county; that the real party defendant in that litigation was Routt county; and that by the seizure of Haley's property for the tax, he sustained damage in the sum of $5,000, for which he prayed judgment against Routt county. The answer also set up an estoppel against Routt county to claim that any tax was due. A demurrer was interposed and sustained to the affirmative portions of the answer, except three paragraphs. The excepted paragraphs were denied by a replication. The trial resulted in a judgment for the plaintiff from which the defendants appealed.

Two of the paragraphs replied to averred that the real party plaintiff in this suit was Routt county, and that the real party defendant in the injunction proceeding was Routt county; and the other averred that for some reason which we confess we do not understand, Routt county was estopped to claim that any tax was due. Except as to the denial of damage, the answer disclosed no defense. The parts demurred to, and the parts replied to, were alike bad. The complaint and answer showed that the plaintiff, and not Routt county, was enjoined; that the undertaking was executed to indemnify the plaintiff, and not the county, and that the injunction was dissolved. It clearly appears from the pleadings that the condition upon which, by the terms of the undertaking the liability of the defendants depended, had happened; and that the sole question for trial was the amount

of their liability. Upon that question there was evidence tending to sustain the verdict; and the instructions properly submitted that question to the jury. The evidence seems to show that the expense incurred in resisting the injunction, and which constituted the damages claimed had been paid by the county; but whether they had or not was a question with which the defendants were totally unconcerned. It did not affect the character or amount of their liability; that amount, whatever it might be, they had bound themselves to pay to the plaintiff; and by its payment to him they would be discharged. The subsequent settlement which might be necessary between the plaintiff and the county, was a matter outside of any possible issue in the case.

The judgment will be affirmed.

*Affirmed.*